INHABITANTS OF ORNEVILLE *vs.* INHABITANTS OF GLENBURN.

Piscataquis. Opinion November 18, 1879.

*Pauper settlement. Emancipation.*

Where the father, the week after the birth of his son, went to sea, and returning in a few weeks, found his wife had deserted him and her child, leaving the child at his grandfather's where he was born, gave him to his grandfather, telling him he should never claim him again, and he remained with the grandfather who took entire charge of him till his death, the father never afterwards doing anything for his support:

*Held,* that the child was emancipated.

The settlement of the father at the time of the emancipation of the child determined that of the child.

ON REPORT.

ASSUMPSIT for pauper supplies furnished by plaintiff town to Frank P. Staples in May, 1877. Writ dated January, 1878. Plea, the general issue.

The facts sufficiently appear in the opinion. The court to order a nonsuit, or default as the law and evidence may warrant.

*A. M. Robinson & W. P. Young,* for the plaintiffs, cited *Veazie* v. *Machias,* 49 Maine, 105. *Sumner* .v. *Sebec,* 3 Maine, 223. *Garland* v. *Dover,* 19 Id. 441. *Bangor* v. *Readfield,* 32 Id. 60. *Oldtown* v. *Falmouth,* 40 Id. 106. *Clinton* v. *York,* 26 Id. 167. *Portland* v. *New Gloucester,* 16 Id. 427. *Sanford* v. *Lebanon,* 31 Id. 124. *Munroe* v. *Jackson,* 55 Id. 55. *Tamworth* v. *New Market,* 3 N. H. 472. *Salisbury* v. *Orange,* 5 N. H. 348.

*L. Barker, T. W. Vose,* and *L. A. Barker,* for the defendants.

APPLETON, C. J. This is an action for supplies furnished for the support of Frank P. Staples.

The pauper was born at the house of his grandfather in Garland, the 11th October, 1852.

The father, Samuel V. Staples, testifies that about a week after the birth of his son he went to sea and was absent about six weeks; that on his return his wife had left and that he did not know where she had gone; that the child remained in the grandfather's family; that he gave the boy to his grandfather; that he told him he should never claim him again; that the boy remained in the grandfather's family till his death and that he did nothing for him considering him as belonging to the grandfather, who took the whole care and charge of him.

The father was a wandering, shiftless man, who had no home. The mother never lived with her husband, having been shortly after the birth of the pauper convicted of adultery and sentenced to the state's prison.

The evidence shows an emancipation. The pauper when an infant was given to the grandfather and since that time the father has exercised no control over and had no care of his child. *Portland* v. *New Gloucester,* 16 Maine, 427. *Lowell* v. *Newport,* 66 Maine, 78.

The emancipated child ceases to follow any settlement acquired by the father after such emancipation.

The settlement of the father of the pauper at the time when he became of age is shown to be in the defendant town. The evidence fails to show where the father's settlement was at the date

of the pauper's emancipation. Consequently, the liability of the defendant town is not established.

*Plaintiffs nonsuit.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.